﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/13/19

DOCKET NO. 180817-148
DATE: February 13, 2019

ORDER

Entitlement to an increased disability rating for psoriasis in excess of 10 percent from July 5, 2017 to February 24, 2018 is denied.

Entitlement to a compensable disability rating for sinusitis from July 5, 2017 to February 24, 2018 is denied. 

REMANDED

Entitlement to service connection for a left knee disability, to include arthritis and as due to service-connected psoriasis, is remanded.

Entitlement to service connection for a right knee disability, to include arthritis and as due to service-connected psoriasis, is remanded.

Entitlement to service connection for a sleep disorder, to include hypersomnia/somnolence, is remanded. 

FINDINGS OF FACT

1. The Veteran’s psoriasis was characterized by at least 5 percent, but less than 20 percent, of the entire body affected; and no more than topical therapy required during the past 12-month period. 

2. The Veteran’s sinusitis was not detected by X-ray and is not characterized by one or two incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; three to six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting.

CONCLUSIONS OF LAW

1. The criteria for an increased disability rating for psoriasis in excess of 10 percent from July 5, 2017 to February 24, 2018 have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.6, 4.118, Diagnostic Code (DC) 7816 (2018).

2. The criteria for a compensable disability rating for sinusitis from July 5, 2017 to February 24, 2018 have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.6, 4.97, DC 6513.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form on February 24, 2018. Accordingly, the April 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the evidence lane, with a 90-day period to submit additional evidence. 

Increased Rating for Psoriasis

The Veteran seeks entitlement to a disability rating for psoriasis in excess of 10 percent from July 5, 2017 to February 24, 2018. 

The AOJ found that the October 2017 examination showed at least 5 percent, but less than 20 percent of the entire body is affected. 

The diagnostic criteria Schedule for Rating Disabilities for skin disabilities was amended in August 13, 2018. For appeals for increased disability ratings under RAMP, the period on appeal will end on the date the RAMP Opt-in was received by VA. Here, the Veteran’s appeal period ends on February 24, 2018, the date he submitted his RAMP Opt-in form. As this occurred prior to the August 2018 amendments, consideration will be given only to the old diagnostic criteria. 

Pursuant to the Schedule for Rating Disabilities, psoriasis is rated under DC 7816. 38 C.F.R. § 4.118 (2018). Under DC 7816, at least 5 percent, but less than 20 percent, of the entire body, or at least 5 percent, but less than 20 percent, of exposed areas affected, or; intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total duration of less than six weeks during the past 12-month period warrants a 10 percent rating. 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected, or; systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total duration of six weeks or more, but not constantly, during the past 12-month period warrants a 30 percent rating. More than 40 percent of the entire body or more than 40 percent of exposed areas affected, or; constant or near-constant systemic therapy such as corticosteroids or other immunosuppressive drugs required during the past 12-month period warrants a 60 percent rating. 

Alternatively, the disorder can be rated as disfigurement of the head, face, or neck (Diagnostic Code 7800) or scars (Diagnostic Codes 7801, 7802, 7803, 7804, or 7805), depending upon the predominant disability. 38 C.F.R. § 4.118 (2018). 

Having reviewed the record, the Board finds that an increased disability rating in excess of 10 percent for psoriasis is not warranted. 

A disability rating in excess of 10 percent is not warranted as the evidence does not show that 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas were affected. In an October 2017 VA examination, the Veteran’s psoriasis was observed to affect 5 percent to less than 20 percent of the total body area, and none of the exposed body area. 

Additionally, a disability rating in excess of 10 percent is not warranted as the evidence does not show that systemic therapy such as corticosteroids or other immunosuppressive drugs were required during the past 12-month period. In an October 2017 VA examination, it was noted that the Veteran’s psoriasis was treated with topical corticosteroids on a constant or near constant basis, and with other topical medications on a constant or near constant basis. The Board notes that not all forms of corticosteroid treatment constitute “systemic therapy” under the applicable legislation. See Johnson v. Shulkin, 862 F.3d 1351 (2017), reversing Johnson v. McDonald, 27 Vet. App. 497 (2016). The Federal Circuit has held that the use of topical corticosteroids does not automatically mean systemic therapy because the diagnostic codes distinguish between systemic and topical therapy. Additionally, the Federal Circuit noted that the use of a topical corticosteroid could be considered either systemic therapy or topical therapy based on the factual circumstances of each case. Here, there is no indication that the use of topical corticosteroids equates to systemic therapy. The topical corticosteroid treatment does not appear to be administered on a large enough scale to affect the body as a whole. Likewise, there is no probative medical evidence suggesting that the Veteran’s topical corticosteroids had a broad, systemic effect. 

Finally, the Board notes that the record contains a May 2018 private opinion. Treating clinician J.L. opines that the Veteran’s psoriasis requires treatment in the form of near continuous corticosteroid cream that was systemic in nature due to the large scale application required. In support of this, he noted that VA treatment records show that recurring psoriasis occurred on both arms/hands, both knees, scalp, and neck; and that the corticosteroid cream would require application on all extremities and the majority of the body during flare-ups. However, the Board finds that the May 2018 opinion is inadequate due to inconsistencies. Here, the clinician J.L. appears to rely solely on VA records and examinations to provide the opinion that the application of the corticosteroid is systemic in nature due to the “large scale application required” on the areas of the arms, knees, scalp, and neck. However, this finding is inconsistent with VA treatment records and examinations, which indicate that psoriasis affected a significantly smaller percentage of the body. As noted above, the November 2017 examination found that psoriasis affected only 5 percent to less than 20 percent of the total body area. VA treatment records from July 5, 2017 to February 24, 2018 do not indicate that the Veteran received systemic treatment in the form of corticosteroids for his psoriasis. As the reasons and bases supplied by the May 2018 opinion is inadequate, the Board finds that it holds no probative value. 

In sum, the most probative evidence shows that from July 5, 2017 to February 24, 2018, the Veteran’s psoriasis was characterized by at least 5 percent, but less than 20 percent, of the entire body affected; and no more than topical therapy required during the past 12-month period. The claim for an increased disability rating in excess of 10 percent for psoriasis is denied. 

Increased Rating for Sinusitis

The Veteran seeks entitlement to a compensable disability rating for sinusitis from July 5, 2017 to February 24, 2018. 

The AOJ found that the October 2017 VA examination showed no compensable symptoms. 

Under the Rating Schedule, sinusitis is rated under DC 6513. 38 C.F.R. § 4.97. DC 6513 follows the General Rating Formula or Sinusitis. Sinusitis detected by X-ray only warrants a noncompensable rating. One or two incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; three to six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting warrants a 10 percent rating. Three or more incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; more than six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting warrants a 30 percent rating. Following radical surgery with chronic osteomyelitis, or; near constant sinusitis characterized by headaches, pain and tenderness of affected sinus, and purulent discharge or crusting after repeated surgeries warrants a 50 percent rating. 

An incapacitating episode of sinusitis means one that requires bed rest and treatment by a physician. 38 C.F.R. § 4.97, DC 6513, Note. 

Having reviewed the record, the Board finds that a compensable disability rating for sinusitis is not warranted. 

The evidence does not show that sinusitis manifested in one or two incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; three to six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting. An October 2017 VA examination noted that sinusitis did not result in non-incapacitating episodes or any incapacitating episodes in the previous 12 months. Additionally, VA treatment records do not document any incapacitating or non-incapacitating episodes. The examiner also noted that X-ray findings did not reveal any evidence for significant or acute disease on radiograph. During the October 2017 VA examination, the Veteran reported that his sinusitis comes and goes during the seasons; results in itchy eyes, running nose, sore throat, cough and cold like symptoms; and that taking Loratadine was helpful.

The Veteran has argued that the October 2017 VA examination is inadequate because the examiner considered the ameliorative effects of his medication Loratadine. See November 2017 Notice of Disagreement. However, the Board finds that the examination is adequate as the examiner clearly noted the Veteran’s reported symptoms of itchy eyes, runny nose, sore throat, cough, and cold-like symptoms that comes and goes. Additionally, the examiner’s findings are supported by the VA treatment records of record, which do not document any incapacitating or non-incapacitating episodes. 

In sum, the Veteran’s sinusitis is not manifested by one or two incapacitating episodes per year of sinusitis requiring prolonged (lasting four to six weeks) antibiotic treatment, or; three to six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting. A compensable rating is not warranted, and the claim for an increased disability rating for sinusitis must be denied. 

REASONS FOR REMAND

Service Connection for Left and Right Knees

Preliminarily, the Board notes that the AOJ addressed the merits of the underlying claims for service connection for a left knee and right knee disabilities in November 2017 and April 2018 rating decisions. As such, the Board finds that the AOJ has made a favorable determination of new and relevant evidence sufficient to reopen the claims for left and right knee disabilities. 

Remand is warranted. The record does not indicate that the Veteran was afforded a VA examination despite evidence of potential knee diagnoses. Prior to the appeal period, July 2013 and May 2014 X-ray imaging revealed osteoarthritis, tearing of the medial meniscus, and effusion of the right knee. Additionally, November 2017 examination for service-connected psoriasis included a notation of a medical history of knee pains, but the examiner did not identify an actual diagnosis relating to the knee pain. The Federal Circuit has held that pain itself can be a disability if it rises to the level of a functional impairment of earning capacity. See Saunders v. Wilkie, 886 F.3d 1356, 1367-68 (Fed. Cir. 2018). Additionally, the November 2017 examination potentially indicates a relationship between knee pains and service-connected psoriasis. As record indicates potential diagnoses, and that such diagnoses may be related to service or a service-connected disability, the Board finds that a pre-decisional duty to assist error was committed by failing to provide an examination. Accordingly, remand is warranted. On remand, the Veteran should be afforded an examination to determine the nature and etiology of the claimed left and right knee disabilities. The examiner should also opine whether the disabilities are due to service-connected psoriasis. 

Service Connection for Sleep Disorder

Remand is warranted. Here, the October 2017 VA examiner noted a diagnosis of hypersomnia/somnolence, but did not provide an opinion on etiology. Additionally, the AOJ did not seek an opinion to clarify whether a claimed sleep disorder is caused by or aggravated by service-connected sinusitis. In light of this, the Board finds that a pre-decisional duty to assist error was committed. Remand is warranted for an examination. On remand, the examiner should opine whether the diagnosis of hypersomnia/somnolence is at least as likely as not related to service or proximately caused by or aggravated by service-connected sinusitis. 

The matters are REMANDED for the following actions:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left or right knee disabilities. The examiner should provide the following opinions: 

a) Identify any diagnoses of the left knee or right knee. 

b) Whether any left or right knee disability is at least as likely as not related to an in-service injury, event, or disease. 

c) Whether any left or right knee disability is at least as likely as not (1) proximately due to service-connected psoriasis, or (2) aggravated beyond its natural progression by service-connected psoriasis.

Attention is invited to the November 2017 psoriasis examination noting a medical history of knee pains, and the May 2018 and September 2018 private opinions stating that VA records indicate the Veteran has a diagnosis of psoriatic arthritis related to service-connected psoriasis. 

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any sleep disorder. The examiner should provide the following opinions:

a) Whether any sleep disorder is at least as likely as not related to an in-service injury, event, or disease.

b) Whether any left or right knee disability is at least as likely as not (1) proximately due to service-connected sinusitis, or (2) aggravated beyond its natural progression by service-connected sinusitis. 

If it is not possible to provide any of the requested opinions without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Vang, Associate Counsel